UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM L. RYAN,<br><br>         Plaintiff,<br><br>     v.<br><br>THE TRAVELERS INDEMNITY COMPANY; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; and DOES 1 through 30, inclusive,<br><br>         Defendants. | Case No. 2:13-CV-00607-JAM-KJN<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE** |

   This matter comes before the Court on Defendants The Travelers Indemnity Company and Travelers Property Casualty Company of America's (collectively "Defendants") Motion to Dismiss (Doc. #7) Plaintiff Kim L. Ryan's ("Plaintiff") Complaint (Doc. #1) pursuant to Federal Rule of Civil Procedure 12(b)(1), (6).[1] Plaintiff opposed the Motion to Dismiss (Doc. #9), and Defendants

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for June 5, 2013.

1

filed a reply (Doc. #15).  Defendants filed a Request for Judicial Notice In Support of Motion to Dismiss (Doc. #8).  Plaintiff has also filed a Request for Judicial Notice (Doc. #10).  For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On May 3, 2013, Defendants moved to dismiss Plaintiff's complaint.  In the complaint, Plaintiff asserts one cause of action against Defendant for insurance bad faith.  Plaintiff alleges that on April 9, 2009, her condominium unit sustained water damage.  Comp. ¶ 7.  At the time, Defendants had in effect a property insurance policy covering the unit, and Plaintiff made a claim under that policy for benefits.  Comp. ¶¶ 6, 7.  Defendants have requested that the Court take judicial notice of the insurance policy.  Doc. #8.

Plaintiff alleges Defendants acted in bad faith in not attempting to effectuate a prompt, fair, and equitable settlement of the claim once liability became reasonably clear.  Comp. ¶¶ 8-9.  Defendants told Plaintiff they would provide payment for the repairs made but failed to make said payments.  Comp. ¶ 8.  Plaintiff alleges damages were incurred as a result of Defendants' conduct, including to her creditworthiness and nervous system.  Comp. ¶¶ 8, 11.  In her opposition to this motion, Plaintiff claims she was an insured under the policy or at least an intended beneficiary.  Opp. at 1.

///
///
///

II.   OPINION

A.   <u>Legal Standard</u>

   1.   <u>Standing</u>

The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. <u>Allen v. Wright</u>, 468 U.S. 737, 750 (1984). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. <u>Kokkonen v. Guardian Life Insurance Co.</u>, 511 U.S. 375, 377 (1994). Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication. <u>Chandler v. State Farm Mutual Automobile Insurance Co.</u>, 598 F.3d 1115, 1122 (9th Cir. 2010). "It is appropriate to address the question of standing in deciding a motion to dismiss because '[t]he elements of standing are "an indispensable part of the plaintiff's case," and accordingly must be supported at each stage of litigation in the same manner as any other essential element of the case.'" <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1140 (9th Cir. 2003) (quoting <u>Cent. Delta Water Agency v. United States</u>, 306 F.3d 938, 947 (9th Cir. 2002)). At this stage of the pleading, a plaintiff need only show that the facts alleged, if proved, would confer standing upon him. <u>Id.</u> Because standing pertains to federal courts' subject matter jurisdiction, it is properly raised in a 12(b)(1) motion to dismiss. <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000).

   2.   <u>Motion to Dismiss</u>

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the

3

court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. Discussion

1. Requests for Judicial Notice

Defendants' request that the Court take judicial notice of two documents: (A) the certified insurance policy referenced in the Complaint ("Policy"); and (B) the "Second Restated Declaration of Restrictions Folsom Estates #2B & 3 Homeowners Association," which has been recorded in the County of Sacramento Recorder's Office. Doc. #8. Plaintiff has filed no opposition to the

4

1 request.

2     Generally, the Court may not consider material beyond the
3 pleadings in ruling on a motion to dismiss for failure to state a
4 claim.  The exceptions are material attached to, or relied on by,
5 the complaint so long as authenticity is not disputed, or matters
6 of public record, provided that they are not subject to reasonable
7 dispute.  E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2
8 (C.D. Cal. 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668,
9 688 (9th Cir. 2001) and Fed. R. Evid. 201).

10     The Policy is the basis for Plaintiff's sole cause of action.
11 Plaintiff does not dispute its authenticity and even cites to it
12 in the Opposition.  Opp. at 6-7.  Therefore, it is the proper
13 subject of a request for judicial notice.  See Fed. R. Evid. 201.
14 Defendants' request as to the Policy is granted.

15     The homeowners association agreement has been officially
16 recorded, and the Plaintiff does not dispute its authenticity and
17 even relies on it in the Opposition.  Opp. at 4.  It is the proper
18 subject of a request for judicial notice.  See Fed. R. Evid. 201.
19 However, because it is not relevant to the Court's analysis of the
20 Motion to Dismiss, Defendants' request regarding the agreement is
21 moot.

22     Plaintiff requests this Court take judicial notice of several
23 emails indicating correspondence between Defendants and the
24 company that completed the repairs of Plaintiff's condominium
25 unit.  Doc. #10.  The emails provide evidence that Defendants were
26 notified of the amount due and allegedly demonstrate a lack of
27 responsiveness to requests for payment.  The content of the emails
28 is the basis for certain allegations made in Plaintiff's

complaint, and Defendants do not dispute the emails' authenticity. Comp. ¶¶ 8-9.  See Lee v. City of Los Angeles, 250 F.3d at 688. The emails are thus a proper subject of a request for judicial notice; however, Plaintiff's request is moot because the emails are not relevant to the Court's analysis of the standing issue, which, as discussed below, is dispositive of this Motion to Dismiss.

      2.   Standing

Defendants argue Plaintiff lacks standing to assert a bad faith claim against them because she was not a party to the insurance contract underlying her claim.  MTD at 1.  Plaintiff contends she has standing to enforce the Policy as an insured under it, or at the very least, as an intended beneficiary of it. Opp. at 1.

> [I]n every insurance contract there is an implied covenant of good faith and fair dealing.  The duty to so act is imminent in the contract whether the [insurer] is attending to the claims of third persons against the insured or the claims of the insured itself.  Accordingly, when the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort.

Gruenberg v. Aetna Ins. Co., 9 Cal.3d 566, 575 (1973).  However, "[s]omeone who is not a party to the contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party." Hatchwell v. Blue Shield of California, 198 Cal.App.3d 1027, 1034; see also Grant v. State Farm Life Ins. Co., CIV.S052389FCDKJM, 2007 WL 3119738 at *4 (E.D. Cal. 2007).  "A non-party who is nevertheless entitled to policy benefits, such as an 'insured' person under the terms of the policy or an express beneficiary,

6

has standing only if she is the *claimant* whose benefits are wrongfully withheld." Hatchwell, at 1034 (emphasis in original).

In Gantman v. United Pacific Insurance Co., 232 Cal.App.3d 1560, 1565-66 (1991), a group of homeowners brought suit against various insurance companies based on damage to the roof of their building. Their allegations were predicated upon insurance policies issued by the companies to the homeowners association. Id. The homeowners sued in their individual capacities although the named insured on the policies was the association. Id. at 1565-66. The court held that individual members of a homeowners association "have no standing to maintain an action against insurance companies on policies purchased by and issued to the homeowners association managing the development and under which [the homeowners] are not insureds." Id. at 1563. The court held that although the homeowners stood to gain when the homeowners association gained, the benefits they sought belonged to the homeowners association by the insurance contracts sued upon. Id. at 1568. The court further found that despite the homeowners' claim that they were third party beneficiaries of the policies, they were "simply not claimants whose benefits were wrongfully withheld." Id.

Plaintiff does not allege in the complaint or the opposition to this motion that she was a named insured in the Policy. The terms of the Policy reveal Plaintiff's homeowners association, Folsom Estates 2b & 3 HOA ("HOA"), was the named insured. Doc. #8-1. Plaintiff relies on provisions of the agreement between the HOA and the homeowners of her residential community to establish that she is an insured. Opp. at 4, 6. However, that agreement

7

was not incorporated into the Policy that controls the outcome of the claim before the Court.

Defendants contend that the HOA made a claim with Defendants regarding the water damage at issue here and that Defendants subsequently adjusted the claim properly with the HOA, issued payment, and closed the claim.  MTD at 1.  Plaintiff argues they have failed to provide proof of such payment and that the company that performed repairs for Plaintiff was never paid.  Opp. at 2. However, the issue is not whether the HOA has a proper claim outstanding against Defendants or whether it has already settled the claim, but whether Plaintiff has standing to pursue benefits under the Policy against Defendants.  Although Plaintiff would gain under the policy when the HOA gained, the benefits Plaintiff seeks, just as those sought by the homeowners in Gantman, belong only to the HOA by the terms of the Policy that underlies the claim.  Gantman, 232 Cal.App.3d at 1568; see also Mohamed v. AMCO Ins. Co., 13-0958 SC, 2013 WL 1739477 at *3 (N.D. Cal. 2013).  The fact that the HOA is named as the insured does not mean Plaintiff, as a member of the HOA, is automatically an additional insured under the Policy.  Republic Indemnity Co. v. Schofield, 47 Cal.App.4th 220, 226 (1996). In sum, Plaintiff's claim that she was an "insured" is not supported by the factual allegations in the complaint or the governing law and is merely a "legal conclusion" that is not entitled to the assumption of truth. Ashcroft, 129 S. Ct. at 1950.

Plaintiff argues that even if she is not an insured, she is, at the very least, an intended beneficiary of the policy.  Opp. at 1.  Plaintiff cites to California Civil Code § 1559 in arguing

that she may seek to enforce the Policy because it was made expressly for her benefit as a homeowner. Opp. at 6.

Here, the HOA is a nonprofit association and the named insured under the Policy. See Gantman, 232 Cal.App.3d at 1566 n.4. Plaintiff is suing in her capacity as a member of the HOA; she is not an insured or express beneficiary under the Policy. The law regarding the rights, powers, and duties of nonprofit corporations and their members is well established. The court in Gantman laid out the relevant principles:

> A nonprofit corporation, like a business corporation, has all the powers of a natural person in carrying out its activities. (Corp. Code, § 7140.) These powers specifically include the power to enter into contracts. (Corp. Code, § 7140, subd. (i).) A contract in the corporate name "binds the corporation, and the corporation acquires rights thereunder whether the contract is executed or wholly or in part executory." (Corp. Code, § 7141, subd. (b).) Correspondingly, a member of a nonprofit corporation "is not, as such, personally liable for the debts, liabilities, or obligations of the corporation." (Corp. Code, § 7350, subd. (a).) A member of a nonprofit corporation is prohibited from instituting or maintaining an action in the right of the corporation unless the action is a derivative suit. (Corp. Code, § 7710.)

Id. at 1567. Plaintiff does not allege that this is a derivative suit and offers no reason why this Court should disregard the separate identity of the HOA. The mere fact that an insurance policy is purchased by a homeowners association with dues paid by individual members, or even that it is purchased to benefit those members, is insufficient to establish that individual members are intended beneficiaries of the insurance contract and able to institute actions in the right of the corporation. See C & H Foods Co. v. Hartford Ins. Co., 163 Cal.App.3d 1055, 1068 (1984) (where sole named insured is a corporation, plaintiffs, who were

sole shareholders and employees of the corporation, could not state cause of action for bad faith against insurer); Gantman, at 1566-1568 (policy insuring homeowners association did not insure members of homeowners association as individuals). The governing case law indicates that where the named insured is an *entity*, its members, shareholders, or owners have no direct claim against the insurer. See Countrywide Home Loans, Inc. v. Tutungi, 66 Cal.App.4th 727, 732 (1998) (condominium owners were not insured individually under policy issued to homeowners association, a nonprofit corporation); Adelman v. Associated Int'l Ins. Co., 90 Cal.App.4th 352, 358 (2001) (insurer not liable to individual condominium owners for delay in investigating and adjusting claim under policy issued to homeowners association even if insurer knew its delay would damage homeowners' ability to repair individual units). Despite the fact Plaintiff would clearly gain under the Policy, she is not an intended beneficiary with the right to make direct claims on the Policy; her potential benefits are merely incidental. Those benefits do not change the outcome of this motion as courts have recognized that "'incidental beneficiaries' do not have standing to sue under an insurance contract." Grant, 2007 WL 3119738 at *4.

  Because Plaintiff has not sufficiently alleged standing, her complaint fails to state a claim supportable by a cognizable legal theory. Balistreri, 901 F.2d at 699. Accordingly, Defendants' motion to dismiss Plaintiff's bad faith insurance claim is granted. Although Plaintiff requests leave to amend should the Court grant the motion, she does not offer what additional factual allegations she could present to the Court to save her claim. It

1 appears clear that the claim could not be saved by amendment and
2 is therefore dismissed with prejudice.  Eminence Capital, L.L.C.,
3 316 F.3d at 1052.
4     As the motion has been granted on the ground that Plaintiff
5 lacks standing, the Court need not reach the statute of
6 limitations defense.

### III. ORDER

Because plaintiff has failed to plead sufficient facts to confer standing upon her to make a claim on the Policy between Defendants and the HOA, the motion to dismiss Plaintiff's complaint is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: June 27, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE